IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL B. CLARK, #194 417, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:16-CV-963-WHA |
| | ) [WO] |
| ANGGIE BAGGOT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff complains he was subjected to cruel and unusual punishment by a prison official who sexually assaulted him for five months during his incarceration at the Alabama Therapeutic Education Facility ("ATEF"). Plaintiff also complains that prison personnel at the Bibb Correctional Facility retaliated against him after he reported the assault by subjecting him to a higher security classification level. The ATEF is in Columbiana, Alabama, and the Bibb Correctional Facility is in Brent, Alabama. Columbiana, Alabama, and Brent, Alabama, are both within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] Plaintiff's complaint is accompanied by a motion in support of a request for leave to proceed *in forma pauperis*. The assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## I.  DISCUSSION

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any  judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C.  § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses,  in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

Plaintiff complains about actions that occurred in Columbiana, Alabama, and Brent, Alabama, cities within the jurisdiction of the United States District Court for the Northern District of Alabama. *See* Doc. 1 at 2 § II and Clark Affidavit. Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama.   Although Plaintiff provides an address in the Middle District of Alabama for two of the named defendants (PREA[2] Agents Futral and Sheperd), it appears his interaction with these defendants occurred at the Bibb Correctional Facility. Doc. 1, Clark Affidavit at 2. While Defendant Christy Vincent resides in the Middle District of Alabama, as the PREA Director for the ADOC, she is subject to service of process throughout the state.  In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case

---

[2] The Prison Rape Elimination Act of 2003 (PREA) was enacted by Congress to address the problem of sexual abuse and sexual harassment within confinement settings.

should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

It is further

ORDERED that **on or before February 6, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 23rd day of January 2017.

　　　　　　　　　　　　　　　　　　　／s／　 Wallace Capel, Jr.　　　　　　
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE